UNITED STATES of America, Plaintiff/Appellee,

v.

Robert James MILLER, Defendant/Appellant.

No. 82–1443.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1983.

Decided Dec. 28, 1983.

Percy Anderson, Los Angeles, Cal., for plaintiff-appellee.

Thomas J. Lannen, Los Angeles, Cal., for defendant-appellant.

Before ELY, NELSON and NORRIS, Circuit Judges.

NELSON, Circuit Judge:

This case examines the discretion of a district court judge to reject plea bargains in which the prosecution has agreed to dismiss all except one count of a multiple count indictment. Here, by categorically rejecting all one-count pleas to multiple count indictments, the district court has abdicated its duty to exercise discretion by considering every case individually. We remand and direct the court to exercise its discretion in compliance with this opinion.

## FACTS AND PROCEDURAL POSTURE

Appellant Robert Miller was indicted for three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d) (1976). At his arraignment, Miller plead not guilty. Prior to trial, a plea bargain was negotiated. The bargain called for Miller to plead guilty to one count of armed robbery and for the government to dismiss the remaining two counts. The plea bargain was not contingent upon imposition of a given sentence for the remaining count nor did it require the government to recommend a particular sentence.

On the day set for trial, Miller and the government appeared before the district court to seek approval of their plea bargain, pursuant to Federal Rule of Criminal Procedure 11(e). The district court judge withheld his approval, saying that he was instituting a general policy not to accept single count pleas to multiple count indictments. The judge stated that single count pleas did not provide him with the broad sentencing power he thought necessary in some cases.

After a short continuance, Miller's counsel formally objected to the court's rejection of the plea bargain. The district judge reiterated his refusal to accept a plea to less than two counts of any multiple count indictment. Miller then plead guilty to the second and third counts of armed robbery, contingent only on dismissal of the first count. The district court accepted this plea and entered judgment accordingly.

This timely appeal seeks unspecified relief from the district court's rejection of the initial plea bargain. The authorities cited by appellant suggest that he would have

this court vacate his sentence and remand the case with instructions that the district court properly exercise its discretion in assessing the initial one-count plea.

## DISCUSSION

### I. *Trial court discretion over plea bargaining.*

Federal Rule of Criminal Procedure 11 sets forth procedures for judicial scrutiny of guilty pleas. As amended in 1974 and 1979, section (e) of the Rule explicitly describes procedures for the acceptance or rejection of guilty pleas resulting from negotiations between the government and criminal defendants. Subsection (e)(1) makes Rule 11(e) applicable to three types of plea bargains: charge bargains, predicated upon the dropping of counts ("type A" bargains), and sentence bargains, predicated either upon the recommendation of or agreement not to oppose a particular sentence ("type B" bargains), or upon a guarantee of a particular sentence ("type C" bargains).

The procedures of Rule 11 are largely for the protection of criminal defendants. A trial judge must inform a defendant of the constitutional rights he waives by pleading guilty, Fed.R.Crim.P. 11(c)(3), (4), and of the practical significance of differing types of pleas. Fed.R.Crim.P. 11(e)(2). The judge must also determine that there is a factual basis for the plea, Fed.R.Crim.P. 11(f), and that the plea is voluntary, Fed.R.Crim.P. 11(d).

In addition to these procedures to protect the defendant, however, Rule 11 also contemplates the rejection of a negotiated plea when the district court believes that the bargain is too lenient, or otherwise not in the public interest. Fed.R.Crim.P. 11(e)(4). This power of review protects against erosion of the judicial sentencing power. *See United States v. Escobar Noble,* 653 F.2d 34, 36–37 (1st Cir.1981). Although we have previously described this power in broad terms, *see, e.g., United States v. Barker,* 681 F.2d 589, 592 (9th Cir.1982) (dictum); *United States v. Herrera,* 640 F.2d 958, 960 n. 2 (9th Cir.1981) (dictum), we have not

previously determined the scope of discretion it gives to trial judges.

## II. *Categorical rules limiting charge bargains are impermissible.*

When a prosecutor selects a charge, he has made an executive choice. When a judge sentences a defendant, he has made a judicial choice. When a plea bargain is placed before a court, the necessary interplay between charging and sentencing decisions becomes manifest.

Different types of plea bargains raise different analytic issues. In sentencing decisions, the prosecutor's role is purely advisory; in charging decisions, his discretion is almost absolute. *Compare United States v. Adams,* 634 F.2d 830, 834–35 (5th Cir.1981), *with United States v. Goodwin,* 457 U.S.

368, 381–82, 102 S.Ct. 2485, 2493–94, 73 L.Ed.2d 74 (1982). Thus, sentence bargains raise the possibility of improper prosecutorial influence over sentencing while charge bargains raise the possibility of improper judicial influence over charging. Since charge bargains and sentence bargains are not analytically identical, Rule 11 need not be read to grant uniform judicial control over all plea bargains.[1]

The proper judicial role in the sentence bargaining process is not raised by this case. Additionally, the extent of judicial discretion over individual charge bargains is not at issue. Rather, we need only decide whether a court may implement a categorical rule limiting the types of charge bargains it will accept.[2] In the case at bar, the

1. What little support the government musters for the proposition that judicial discretion is uniform for all types of plea bargains is derived either from dictum or cases involving sentence bargains.

   The only Ninth Circuit case cited by the government is *United States v. Barker,* 681 F.2d 589 (9th Cir.1982). The holding of that case neither recognizes nor creates broad judicial discretion over charge bargains.

   In *Barker,* we were faced with the question whether a defendant had been placed in jeopardy on an indictment for first degree murder when a court had approved her plea to the lesser included offense of second degree murder. We held that the judge's assessment of the factual basis for a plea to second degree murder did not place Barker in jeopardy on the first degree murder charge. "[R]eview of a plea agreement is not a forum for consideration of the factual basis of . . . abandoned charges." *Id.* at 592. *Barker* thus permits courts to accept plea bargains without considering the factual basis of dropped charges. It does not require all sentence bargains and charge bargains to be treated identically.

   The other cases cited by the government all involve sentence bargains. *See United States v. Adams,* 634 F.2d 830, 832, 834–35 (5th Cir. 1981) (rejection of sentence bargain not an abuse of discretion); *In re Yielding,* 599 F.2d 251, 251–52 (8th Cir.1979) (court can entirely ignore sentence bargains); *United States v. Stamey,* 569 F.2d 805, 806 (4th Cir.1978) (court need not consider bargain seeking to recommend sentence and also to drop counts); *United States v. Jackson,* 563 F.2d 1145, 1147–48, (4th Cir.1977) (sentence bargain). *But see United States v. Moore,* 637 F.2d 1194, 1196 (8th Cir.1981) (applying precedent from a sen-

tence bargain case as controlling in a charge bargain case); *United States v. Bean,* 564 F.2d 700, 704 (5th Cir.1977) (judicial discretion to review charge bargains is similar to discretion over sentence bargains).

2. The government argues that Rule 11 gives courts absolute discretion to control plea bargains. Categorical rules, it contends, are a permissible way to exercise that unlimited discretion.

   The legislative history of Rule 11 notes that charge bargains are more widely accepted by the courts than are sentence bargains. Thus, there is some indication that a categorical rule barring all sentence bargains might be permissible under Rule 11:

   > [T]he amendments to rule 11 do not require that the practice in the various districts become uniform. Rather, the amendments establish procedures for all forms of plea negotiation (with respect to the degree of the charge, the number of offenses charged, and the sentence to be imposed) currently to be found in the federal system, but do not mandate that all of these forms be accepted by the judge . . . [T]he rule *does not* mandate the judge to follow any given practice. He can, for example, make clear that he will accept no recommendation or agreement as to sentence. . . .

   *Amendments to Federal Rules of Criminal Procedure: Hearings Before the Subcomm. on Criminal Justice of the Comm. on the Judiciary,* 94th Cong., 1st Sess. 210 (1975) (statement of J. Edward Lumbard, Judge, U.S. Court of Appeals, Second Circuit; William H. Webster, Judge, U.S. Court of Appeals, Eighth Circuit; and Frank J. Remington, Member, Standing Committee on Rules of Practice and Procedure)

district court sought to preserve its sentencing power by refusing to accept any charge bargains that left standing only one count of a multiple count indictment. We hold that such categorical rules to govern charge bargaining are impermissible. There are three bases for our holding.

First, as a general rule, the existence of discretion requires its exercise. *E.g., Dorszynski v. United States,* 418 U.S. 424, 443, 94 S.Ct. 3042, 3052, 41 L.Ed.2d 855 (1974). Categorical rules for setting bail are improper, *e.g., Stack v. Boyle,* 342 U.S. 1, 5, 72 S.Ct. 1, 3, 96 L.Ed. 1 (1951), categorical rules for sentencing are improper, *United States v. Lopez-Gonzales,* 688 F.2d 1275, 1276–77 (9th Cir.1982), and we hold that categorical rules limiting charge bargains are improper. Rule 11 permits district courts to assess the wisdom of plea bargains; this grant of power carries with it the duty to exercise it responsibly. When a court establishes a broad policy based on events unrelated to the individual case before it, no discretion has been exercised. When dealing with issues as fundamental as a person's freedom or imprisonment, our judicial system can—and must—give every case independent consideration.

Second, separation of powers requires that the judiciary remain independent of executive affairs. *See, e.g., United States v. Cox,* 342 F.2d 167, 171 (5th Cir.), *cert. denied,* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). Charging decisions are generally within the prosecutor's exclusive domain.[3] Prosecutors—representatives of the executive branch of the government— are not mere servants of the judiciary. The tradition of prosecutorial independence is recognized both by case law, *see, e.g., Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), and the Federal Rules of Criminal Procedure, *see* Fed.R.Crim.P. 48(a).

Although courts are free to accept or reject individual charge bargains, they should avoid creating broad rules that limit traditional prosecutorial independence. Generally, courts should be wary of second-guessing prosecutorial choices. Courts do not know which charges are best initiated at which time, *United States v. Lovasco,* 431 U.S. 783, 793–94, 97 S.Ct. 2044, 2050–51, 52 L.Ed.2d 752 (1977), which allocation of prosecutorial resources is most efficient, *United States v. Ammidown,* 497 F.2d 615, 621 (D.C.Cir.1973), or the relative strengths of various cases and charges. *See* Vorenberg, *Decent Restraint of Prosecutorial Power,* 94 Harv.L.Rev. 1521, 1547 (1981). Categorical limitations on charge bargains may force prosecutors to bring charges they ordinarily would not, or to maintain charges they would ordinarily dismiss as on-going investigations uncover more information. Such rules thus constitute an impermissible intrusion into what is properly the executive's exclusive domain.

Third, the Federal Rules themselves suggest that courts must show proper respect for prosecutorial choices. Although the general rule governing plea bargaining grants courts broad discretion, Fed.R. Crim.P. 11, the specific rule governing prosecutorial charging decisions gives courts only a limited supervisory power over such

(emphasis in original). Similarly, Judge Spears wrote that

> I am unalterably opposed to any uninvited intrusion by the Executive Branch into the exclusive prerogatives of the Judicial Branch. If any trial judge wants to encourage sentencing recommendations in his court, then that is between himself and his own conscience, but I do not believe that judges who do not hold to that philosophy should be saddled with it.

*Id.* at 227 (letter from Adrian A. Spears). Apart from this suggestion that a court may categorically reject all sentence bargains, the legislative history provides no guidance as to what categorical rules over plea bargains are permissible.

**3.** More specifically, prosecutors can bring charges so long as the charge is supported by probable cause, *e.g., Von Brimer v. Whirlpool Corp.,* 536 F.2d 838 (9th Cir.1976) (applying the standard under California law), and is not "based on a constitutionally impermissible [ground] such as race, sex, or exercise of first amendment rights," Vorenberg, *Decent Restraint of Prosecutorial Power,* 94 Harv.L.Rev. 1521, 1540 (1981); *see* Note, *Prosecutorial Vindictiveness in the Criminal Appellate Process: Due Process Protection After* United States v. Goodwin, 81 Mich.L.Rev. 194, 194 n. 3 (1982).

decisions. Fed.R.Crim.P. 48(a). That rule requires courts to grant prosecutors leave to dismiss charges unless dismissal is "clearly contrary to manifest public interest." *Rinaldi v. United States,* 434 U.S. 22, 30, 98 S.Ct. 81, 85, 54 L.Ed.2d 207 (1977) (per curiam). Many of the policies underlying Rule 48 are equally applicable to judicial consideration of charge bargains. Although Rule 48 antedates Rule 11, we should not refuse its guidance when we interpret the Federal Rules.

To assure that judicial discretion is exercised with due regard for prosecutorial independence, we hold that courts must review individually every charge bargain placed before them. They must set forth, on the record, both the prosecutor's reasons for framing the bargain as he did and the court's justification for rejecting the bargain. *See United States v. Ammidown,* 497 F.2d 615, 623 (D.C.Cir.1973) (trial judge must state reasons on the record for rejecting plea bargain).

By requiring that rejection of a charge bargain be accompanied by a more complete trial court record, we uphold the separation of powers in two ways. First, we guarantee that the trial court is aware of and gives due deference to the prosecutorial choices reflected in a particular plea bargain. Second, we facilitate appellate review of rejected plea bargains. If the prosecutorial decisions reflected in specific charge bargains deserve broad deference, the discretion of the trial court to reject these bargains is fairly narrow. By requiring a more complete statement of the trial court's basis for rejecting a bargain, we make it possible to apply more careful appellate review. *See United States v. Cowan,* 524 F.2d 504, 513 (5th Cir.1975), *cert. denied,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976).

CONCLUSION

The trial court exceeded the power granted to it by Rule 11 when it categorically barred all charge bargains in which the prosecutor chose to retain only one count of a multiple count indictment. It also failed to exercise the discretion required of it to consider individually every plea. On remand, the district court must examine the propriety of the bargain struck in this particular case, and set forth on the record the reasons for its ultimate decision.

VACATED AND REMANDED.