981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Munawar Mohammad MOTON, aka Altapi Lakhat, aka Altaf Lakha,
aka Abid Ali, Defendant-Appellee.
 No. 92-50328.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1992.
Decided Dec. 28, 1992.
 
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Supreme Court has recognized three bases for the exercise of a court's supervisory power: (1) to implement a remedy for violation of recognized rights, (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury, and (3) to deter future illegal conduct. United States v. Hasting, 461 U.S. 499, 505 (1983); United States v. Simpson, 927 F.2d 1088, 1090 (9th Cir.1991).
 
 
 3
 The district court did not specify which of these purposes it relied upon in dismissing count 10, which the government added through the superseding indictment. The only arguably applicable purpose was to deter future misconduct by the prosecutor. However, adding counts through a superseding indictment does not in itself constitute prosecutorial misconduct. "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the] discretion" of the prosecutor. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Intrusion upon the prosecutor's charging authority is permissible "only in cases of flagrant prosecutorial misconduct." Simpson, 927 F.2d at 1091; see also United States v. Carrasco, 786 F.2d 1452, 1455 (9th Cir.1986); United States v. Miller, 722 F.2d 562, 564 (9th Cir.1983) (prosecutor's charging discretion is "almost absolute"). No evidence was produced to support the allegation that the superseding indictment was based on the same evidence as the original, and the district court made no such finding. Without such a finding, the exercise of the court's supervisory powers was without the required "clear basis in fact." United States v. McClintock, 748 F.2d 1278, 1285 (9th Cir.1984); United States v. Chanen, 549 F.2d 1306, 1313 (9th Cir.1977).
 
 
 4
 Even if filing the superseding indictment constituted prosecutorial misconduct, it did not rise to the level of "flagrant" misconduct required to justify dismissal under the court's supervisory powers. See United States v. Sears, Roebuck & Co., 719 F.2d 1386, 1389-91 (9th Cir.1983) (improper to dismiss indictment even though prosecutor had presented largely irrelevant and highly inflammatory information to grand jury). Compare United States v. Samango, 607 F.2d 877 (9th Cir.1979) (dismissal of indictment proper where prosecutors deliberately introduced irrelevant and highly prejudicial testimony to the grand jury); United States v. Basurto, 497 F.2d 781 (9th Cir.1974) (convictions reversed where prosecutors failed to inform grand jury that one of two government witnesses had perjured himself before grand jury). Dismissal of count 10 on this ground was error.
 
 
 5
 It is questionable whether, as Moton argues, the district court also intended to rely on the ground that trial of count 10 was barred by the Speedy Trial Act. 18 U.S.C. § 3161 et seq. In any event, the record contains no support for such a holding.
 
 
 6
 Reversed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3