26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peggy Gustafson BARNETT, Defendant-Appellant.
 No. 93-50580.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1994.
Decided June 14, 1994.
As Amended July 8, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barnett appeals her sentence of 292 months imprisonment and three years of supervised release, entered pursuant to a guilty plea to one count of conspiracy, in violation of 18 U.S.C. Sec. 371, and to one count of transporting an explosive with the intent to kill, injure and intimidate, resulting in injury, in violation of 18 U.S.C. Sec. 844(d). She challenges the district court's failure to make findings and its entry of erroneous findings in support of its refusal to depart downward from the Sentencing Guidelines. Barnett also contends that the court set an improper offense level based on the erroneous finding that she intentionally or knowingly caused death and abused its discretion by categorically refusing to consider her alternative Fed.R.Crim.P. 11(e)(1)(C) sentencing plea agreement. The district court had jurisdiction pursuant to 18 U.S.C. Sec. 3231. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 3
 * Barnett raises several distinct arguments relating to the district court's refusal to depart downward from the Sentencing Guidelines. She contends that the court violated substantive rights by failing to enter findings regarding her requests for departure based on aberrant behavior and on substantial assistance pursuant to U.S.S.G. Sec. 5K1.1. She argues that the absence of findings raises the inference that the court mistakenly assumed it had no discretion to depart on these bases as a matter of law. Barnett also contends that the findings entered by the court as to her requests for departure based on duress, family responsibility pursuant to U.S.S.G. Sec. 5H1.6 and prior sexual abuse were clearly erroneous.
 
 
 4
 18 U.S.C. Sec. 3553(b) directs the district court to impose a sentence within the Guidelines range, "unless the court finds that there exists an aggravating or mitigating circumstance ... not adequately taken into consideration by the Sentencing Commission...." United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). A sentencing court's decision not to depart from the Guidelines is not reviewable "unless the decision resulted from a legal determination that the Guidelines prevented departure." United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993). The court's silence regarding whether it had the authority to depart is not sufficient indication that it believed it lacked discretion to depart. Id. (citing United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991)). A remand may, however, be necessary when the basis for the court's failure to depart is unclear from the record. United States v. Dickey, 924 F.2d 836, 839 (9th Cir.), cert. denied, 112 S.Ct. 383 (1991); Morales, 898 F.2d at 102 n. 2.
 
 
 5
 Barnett's contention that the record supports the inference that the district court refused to depart from the Guidelines out of the belief that it was without legal authority to do so is without merit as regards to departure on the bases of aberrant behavior, family responsibility, duress and sexual abuse. In contrast to the record before us in Dickey, the record in the instant case clearly shows that the district court took defense counsel's express requests for departure under consideration but refused to depart as a matter of discretion. These questions are consequently unreviewable.[1]
 
 
 6
 We also reject Barnett's contention that she merited downward departure on the basis of substantial assistance. Although the record is unclear whether the district court believed it had legal authority to depart on this basis, our review of the record indicates that Barnett failed to lay a sufficient legal predicate for its exercise. In United States v. Mena, we concluded that departure is not warranted when based solely on the defendant's cooperation with authorities as this amounts to "unwarranted interference with the discretion committed to the prosecutor under Sec. 5K1.1." 925 F.2d 354, 356 (9th Cir.1991). The record indicates that Barnett did not allege that the government breached the plea agreement, see United States v. De la Fuente, 8 F.3d 1333, 1340-41 (9th Cir.1993), or that the government otherwise refused to move for a reduction pursuant to Sec. 5K1.1 for an unconstitutional reason. See United States v. Wade, 112 S.Ct. 1840, 1844 (1992). The district court was without legal authority to depart on this basis.[2]
 
 II
 
 7
 Barnett contends that the district court erred in establishing her base offense level at 43 pursuant to U.S.S.G. Sec. 2A1.1(a). She argues that the government failed to satisfy its burden that she caused death intentionally or knowingly and that, thus, her offense level should have been set at 33 pursuant to Sec. 2A1.2(a).
 
 
 8
 We review for clear error factual findings in the sentencing phase. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). The government bears the burden of proving, by a preponderance, any fact necessary to establish the base offense level. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990).
 
 
 9
 Barnett's argument is without merit. By admission of taped telephone conversations between Barnett and her brother, Doug, the government established that she was fully aware of the nature of the device she was engaged in constructing. Barnett experimented with the device and turned it over to her brother, Craig, to ensure that it would explode when it reached the Kerr residence. Moreover, the government introduced testimony from Barnett's change of plea hearing in which she, under oath, admitted her intentions. The district court's rejection of Barnett's explanation that she only intended to frighten Mr. Kerr was supported by the preponderance of evidence. Her testimony that she was not seeking revenge but only hoped to induce George Kerr to testify "truthfully" in the event her brother Doug could secure a retrial was wholly implausible.
 
 III
 
 10
 Barnett contends that the district court abused its discretion in considering her Fed.R.Crim.P. 11(e)(1)(A) agreement, after categorically refusing to consider the alternative (e)(1)(C) plea agreement she preferred. She argues that the categorical refusal to consider sentencing bargains constitutes an abuse of discretion.
 
 
 11
 In United States v. Miller, we concluded that categorical rules limiting the types of charging bargains the district court will entertain are impermissible because such a priori rules constitute a failure to exercise discretion, violate separation of powers principles and the Rule 11-mandated deference to prosecutorial decision-making. 722 F.2d 562, 564-65 (9th Cir.1983). We took considerable pains in Miller to distinguish charging from sentencing bargains and intimated in the strongest terms that the consideration for prosecutorial discretion on which we rested was wholly inapplicable to sentencing bargains. Id. at 565 n. 2. The district court acted within its discretion in refusing to consider Barnett's Rule (e)(1)(C) agreement. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We reject Barnett's invitation to review the district court's factual findings. Although we review findings for clear error, including those supporting downward departure, cf. United States v. Quan Guerra, 929 F.2d 1425, 1426 (9th Cir.1991), a necessary corollary to Brown is that we will not review findings underlying the district court's discretionary refusal to depart downward, beyond findings relevant to the district court's determination that it lacked the legal authority to depart
 
 
 [2]
 To the extent Barnett argues that the district court's failure to enter findings violated Fed.R.Crim.P. 32(c)(3)(D), due process or the Guidelines, her argument is without merit. We have rejected this identical argument in the past. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990)