**STATE of Utah, Plaintiff and Appellant,**

v.

**Douglas F. TURNER, Defendant and Appellee.**

No. 971744–CA

Court of Appeals of Utah.

Dec. 10, 1998.

Dexter L. Anderson, Millard County Deputy Attorney's Office, Fillmore, for Appellant.

Michael D. Esplin, Aldrich, Nelson, Weight & Esplin, Provo, for Appellee.

Before DAVIS, P.J., and JACKSON, and ORME, JJ.

OPINION

DAVIS, Presiding Judge:

The State appeals the trial court's decision to grant defendant's Motion to Dismiss a charge of negligent homicide. The Motion to Dismiss was predicated upon the trial court's acceptance of defendant's guilty plea, imposition of sentence, and punishment on the charge of driving left of center arising from the same criminal episode as the negligent homicide charge. We remand to the trial court for proceedings consistent with this opinion.

## BACKGROUND

Defendant was driving a truck that was towing a trailer on a road in Millard County when he entered a sweeping curve and crossed over the center dividing line into the oncoming lane of traffic. A motorcyclist coming from the opposite direction collided with the truck, resulting in the motorcyclist's death.

The State brought two charges in a single information against defendant in the Fourth Judicial District Court. Count I charged defendant with negligent homicide in violation of Utah Code Ann. § 76–5–206 (1995); Count II charged him with driving left of center in violation of Utah Code Ann. § 41–6–58 (1993). At the arraignment, the trial court accepted defendant's plea of guilty to Count II and not guilty to Count I. Defendant then waived his right to be sentenced at a later date and requested that the court impose a sentence immediately. In response, the State objected, arguing that defendant was trying to create a "double jeopardy" problem which would prohibit the State from prosecuting defendant on the negligent homicide charge. The State requested that the trial court decline to accept defendant's guilty plea and further requested that the court reserve its ruling regarding defendant's guilty plea until after trial on both charges.

When it became evident to the court that the guilty plea entered by defendant might have the effect of precluding further prosecution for the other offense stemming from the same criminal episode, the court expressed reservations about its decision to accept the plea, stating at the arraignment that "I'm not sure I should accept a guilty plea in that circumstance. I'm not sure we shouldn't enter not guilty pleas on both charges and let you sort this out as you proceed forward." Thereafter, defense counsel persuaded the court that it was obliged to accept the plea, and the court acceded.

At the sentencing, a second judge sentenced defendant on Count II. The State again objected to defendant's sentencing and argued that defendant was clearly attempting to avoid prosecution on the negligent homicide charge by pleading guilty to, and demanding sentencing on, the lesser charge of driving left of center. The trial court rejected the State's arguments and sentenced defendant.

After the sentencing on Count II, defendant made a motion to dismiss Count I. Defendant argued that because he had previously entered a plea, been sentenced, and served the sentence for a lesser included crime, requiring him to stand trial for the greater charge of negligent homicide would be in violation of the provisions of Utah Code Ann. § 76–1–402(3) (1995) and the constitutional protection against double jeopardy. The State objected, arguing for a third time that defendant had, from the onset of the criminal proceedings, been attempting to circumvent prosecution on the negligent homicide charge. In response to the State's objection, a third judge rejected the State's argument, ruling, under sections 76–1–401 and 76–1–402 of the Utah Code, that "[w]hen the activity of a defendant involved in such an episode establishes offenses which may be punishable in different ways, the conduct shall be punished under only one such provision and a conviction or entry of guilty plea and sentence on one bars a prosecution on the other." In addition, the ruling stated:

> The State is prohibited from prosecuting the defendant on the crime charged in Count I since the crime charged to which the defendant has been sentenced is a lesser included offense. The acceptance by defendant of responsibility for the conduct charged in Count II created a bar to pursuing the charge against him in Count I.

The trial judge therefore granted defendant's Motion to Dismiss. The State appeals.

## ISSUE AND STANDARD OF REVIEW

█ The dispositive issue raised by this appeal is whether the trial court erred by accepting defendant's plea of guilty on the charge of driving left of center over the objection of the State, thereby entitling defendant to be sentenced thereon and precluding prosecution on the negligent homicide offense arising from the same criminal episode. We review a trial court's acceptance

or rejection of a guilty plea under an abuse of discretion standard. *See State v. Mane,* 783 P.2d 61, 66 (Utah Ct.App.1989).

## ANALYSIS

### A. Acceptance of Guilty Plea

█ Contrary to defendant's assertion below that the trial court was obligated to accept his guilty plea, defendant had no absolute right to have his plea of guilt accepted. *See Lynch v. Overholser,* 369 U.S. 705, 719, 82 S.Ct. 1063, 1072, 8 L.Ed.2d 211 (1962). The Utah Rules of Criminal Procedure clearly provide that "[t]he court may refuse to accept a plea of guilty." Utah R.Crim. P. 11(e); *see also Lynch,* 369 U.S. at 719, 82 S.Ct. at 1072 (stating under Rule 11 of Federal Rules of Criminal Procedure "trial judge may refuse to accept [guilty] plea and enter a plea of not guilty on behalf of the accused"). In addition, this court has previously held that "[n]othing in [Rule 11(e)] requires a court to accept a guilty plea." *Mane,* 783 P.2d at 66. Although the record is unclear, there is some indication that the court based its acceptance of the guilty plea on an erroneous understanding of the law.

█ Because it is unclear whether the trial court erroneously assumed it was obliged to accept the plea rather than realizing it had the discretion to accept or reject the plea, we must determine whether the trial court's acceptance of defendant's guilty plea was an abuse of that discretion. Discretion is abused if the actions of the judge are inherently unfair. *See State v. Montoya,* 929 P.2d 356, 358 (Utah Ct.App.1996). In addition, a trial court abuses its discretion if its decision is " 'beyond the limits of reasonableness.' " *State v. Olsen,* 860 P.2d 332, 334 (Utah 1993) (quoting *State v. Hamilton,* 827 P.2d 232, 239–40 (Utah 1992)). "Moreover, [a]n abuse of discretion results when the judge fails to consider all legally relevant factors." *Montoya,* 929 P.2d at 358 (alteration in original) (citation and quotation marks omitted).

█ Here, although the trial court had discretion to accept or reject the guilty plea, under the circumstances of this case, acceptance of the plea over the timely and specific objections of the State was unfair and unreasonable, effectively nullifying the State's right to prosecute defendant on the charge of negligent homicide. "Society has [an] interest in the vindication of criminal justice and ... the state ... ha[s] an interest in an error free determination of the case." *State v. Lamorie,* 610 P.2d 342, 348 (Utah 1980) (Stewart, J., concurring) (citation and quotation marks omitted). Accordingly, we hold that the trial court abused its discretion by accepting, over the State's objection, defendant's guilty plea to driving left of center and the guilty plea is therefore set aside.

### B. Sentencing

█ After the trial court accepted his guilty plea for the charge of driving left of center, defendant asked, over the State's objection, that he be sentenced immediately. The trial court had no alternative but to sentence defendant within forty-five days pursuant to Rule 22 of the Utah Rules of Criminal Procedure. *See* Utah R.Crim. P. 22(a) ("Upon the entry of a plea ... of guilty ... the court *shall* set a time for imposing sentence which *shall* be not less than two nor more than 45 days after the verdict or plea, unless the court, with the concurrence of the defendant, otherwise orders." (emphasis added)). Because the trial court had accepted the guilty plea and defendant insisted upon being sentenced pursuant to Rule 22, the trial court correctly imposed sentence on the charge of driving left of center within the parameters of Rule 22. However, because imposition of the sentence was premised upon the erroneous acceptance of defendant's guilty plea, the sentence is herewith set aside.

### C. Motion to Dismiss

█ After defendant had been convicted and sentenced on Count II, the State was statutorily prohibited from prosecuting defendant on the charge of negligent homicide. Section 76–1–402 of the Utah Code provides:

A defendant may be prosecuted in a single criminal action for all separate offenses arising out of a single criminal episode; however, when the same act of a defendant under a single criminal episode shall establish offenses which may be punished in

different ways under different provisions of this code, the act shall be punishable under only one such provision; an acquittal or conviction and sentence under any such provision bars a prosecution under any other such provision.

Utah Code Ann. § 76–1–402(1) (1995). Here, it is undisputed that the act of driving left of center is the same act supporting the negligent homicide charge. Having accepted the plea of guilty to driving left of center and imposing sentence thereon, the trial court correctly granted defendant's motion to dismiss the more serious charge of negligent homicide.[1] However, the Motion to Dismiss was ultimately premised on the mistaken acceptance of defendant's guilty plea. Therefore, we vacate the order granting the Motion to Dismiss.

## CONCLUSION

The trial court's acceptance of defendant's guilty plea to driving left of center and sentence thereon are set aside, and the order of the trial court granting defendant's motion to dismiss the charge of negligent homicide is vacated.

Remanded for further proceedings consistent with this opinion.

NORMAN H. JACKSON, Judge, and GREGORY K. ORME, Judge, concur.

1. Although the issue of double jeopardy under the Fifth Amendment to the United States Constitution was raised in defendant's Motion to Dismiss and conceptually threads its way through the arguments of the parties, it is not squarely before us. We note, however, that the decision of the United States Supreme Court in *Ohio v. Johnson*, applying double jeopardy analysis to facts similar to those here, is consistent with our ruling today.

> No interest of respondent protected by the Double Jeopardy Clause is implicated by continuing prosecution on the remaining charges brought in the indictment.... There simply has been none of the government over reach-

ing that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to one full and fair opportunity to convict those who have violated its laws.

. . . .

> Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges.

*Ohio v. Johnson*, 467 U.S. 493, 501–02, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984).