2008 UT App 336

**STATE of Utah, Plaintiff and Appellant,**

v.

**Jacob B. LOVELESS, Defendant and Appellee.**

**No. 20070419–CA.**

Court of Appeals of Utah.

Sept. 18, 2008.

Mark L. Shurtleff, Atty. Gen., and Jeffrey S. Gray, Asst. Atty. Gen., Salt Lake City, for Appellant.

Michael D. Esplin, Provo, for Appellee.

Before GREENWOOD, P.J., BENCH, and BILLINGS, JJ.

## OPINION

BENCH, Judge:

¶ 1 The State appeals from the trial court's interlocutory decision to allow Defendant to plead guilty to reckless endangerment, a class A misdemeanor. Because the information contained a single count accusing Defendant of either aggravated assault or reckless endangerment, it was within the discretion of the trial court to rule that Defendant could enter his guilty plea, as charged, to the offense of reckless endangerment. We therefore affirm.

## BACKGROUND

¶ 2 On July 31, 2004, Defendant attended an outdoor party in Payson Canyon. Defendant brought a firearm with him. Shortly after his arrival, he and some other attendees took turns firing the weapon into a wooded area away from the campfire. At some point during the party—unbeknownst to Defendant—the victim moved his sleeping bag away from the campfire into an area covered with tree stumps and lay inside it on the ground. Defendant subsequently sought to empty the rounds of ammunition from the firearm by firing at the stumps near the victim, resulting in the victim being shot and wounded.

¶ 3 The State originally charged Defendant with one count of reckless endangerment, a class A misdemeanor, and one count of possession of a dangerous weapon while under the influence, a class B misdemeanor, to which Defendant entered pleas of not guilty.[1] The State later filed an amended information containing just one pertinent count: aggravated assault or, in the alternative, reckless endangerment.

¶ 4 Following the resolution of several pre-trial matters that are not implicated in this appeal, the trial court scheduled a jury trial on the alternatively charged count for April 2007. A few days before trial, Defendant notified the trial court that he intended to plead guilty as charged to reckless endangerment. Despite the prosecutor's objection and subsequent attempt to dismiss the reckless endangerment portion of the information, the trial court ruled that it would allow Defendant to plead guilty. The prosecution filed its Motion to Reconsider, which the trial court denied after oral argument. The trial court then entered an order staying further

---

1. The State's original charge that Defendant illegally possessed the weapon in question while under the influence was subsequently dismissed by the trial court as a result of Defendant's motion to quash bindover and is not at issue on appeal.

proceedings pending the outcome of the interlocutory appeal now before us.[2]

## ISSUE AND STANDARD OF REVIEW

■ ¶ 5 The State challenges the propriety of the trial court's interlocutory ruling that will allow Defendant to plead guilty to the offense of reckless endangerment. "We review a trial court's acceptance or rejection of a guilty plea under an abuse of discretion standard." *State v. Turner*, 980 P.2d 1188, 1189–90 (Utah Ct.App.1998); *see also State v. Mane*, 783 P.2d 61, 66 (Utah Ct.App.1989) (citing to rule 11(e) of the Utah Rules of Criminal Procedure as the source for a trial court's discretion in accepting or rejecting guilty pleas).

## ANALYSIS

■ ¶ 6 The State claims that the trial court abused its discretion by ruling that Defendant could plead guilty to reckless endangerment despite the prosecutor's objections. A trial court exceeds its discretion when "the actions of the judge are inherently unfair." *Turner*, 980 P.2d at 1190. Additionally, if the decision goes " 'beyond the limits of reasonability,' " a court has exceeded its discretion. *State v. Olsen*, 860 P.2d 332, 334 (Utah 1993) (quoting *State v. Hamilton*, 827 P.2d 232, 240 (Utah 1992)); *see also Turner*, 980 P.2d at 1190.

¶ 7 The State argues that *State v. Turner*, 980 P.2d 1188 (Utah Ct.App.1998), requires reversal of the trial court's decision. We disagree. In *Turner*, the defendant drove a truck pulling a trailer across the center line, hitting and killing a motorcyclist. *See id.* at 1189. The prosecution charged the defendant with one count of negligent homicide and one count of driving left of center in violation of Utah law. *See id.* The defendant pleaded guilty to the second count, driving left of center, and asked the trial court to impose a sentence immediately. *See id.* The prosecution objected, claiming that the defendant was attempting to create a double-jeopardy situation by which the defendant's conviction and sentence for driving left of center would shield him from prosecution on

the more serious count of negligent homicide. *See id.* After multiple hearings on the matter, the trial court accepted the defendant's guilty plea for driving left of center, and the prosecution appealed. *See id.*

¶ 8 On appeal, we held that a criminal defendant does not have an absolute right to have a guilty plea accepted by the trial court and that the decision to accept or reject a guilty plea lies within the trial court's discretion. *See id.* at 1190. We further held that, under the facts and circumstances of *Turner*, the trial court's decision to accept the guilty plea to the one count of driving left of center was an abuse of discretion because such an acceptance of the guilty plea nullified the prosecution's ability to prosecute the defendant on the other charged count of negligent homicide. *See id.*

¶ 9 Admittedly, there are some similarities between *Turner* and the instant case. As in *Turner*, Defendant's conduct, at least at the pretrial stage of the case, could be classified as a crime under multiple sections of the criminal code. Similarly, Defendant has sought to plead guilty to only one of the offenses charged in the information—the offense that carries a lesser punishment—presumably to avoid being convicted of the other, more heinous crime listed in the information. Further, like the *Turner* plea, the instant proposed guilty plea is not part of a plea bargain. The State urges us to rely on these similarities and to hold that *Turner* controls and that reversal is required.

¶ 10 The State's analysis, however, ignores an important procedural difference between the prosecution in *Turner* and in the instant case. In *Turner*, the offenses in the information were charged as separate counts, such that the prosecution was explicitly attempting to convict the defendant of both driving left of center and negligent homicide. Here, because the State's amended information consists of just one count, Defendant has been charged with committing either aggravated assault or reckless endangerment, but not both. It is this distinguishing factor that prevents the result sought by the State.

---

**2.** Because of the trial court's stay, Defendant has   yet to actually enter his guilty plea.

¶ 11 The State argues that our affirming the trial court's decision to allow the guilty plea will undermine a prosecutor's discretion to "determine whether or not to prosecute, what charge should be made, and whether or not to dismiss ... or accept a plea to a lesser offense." *State v. Bell*, 785 P.2d 390, 404 (Utah 1989) (internal quotation marks omitted). A prosecutor does have the discretion to decide what charges to file, including the right to charge in the alternative, *see State v. Montoya*, 910 P.2d 441, 443 (Utah Ct.App.1996), and to determine "in what manner to prosecute [a] case," *Bell*, 785 P.2d at 402. However, the State has failed to provide any legal support for its specific contention that a trial court lacks the authority to accept a guilty plea to one of two alternatively charged offenses over the prosecutor's objection. Although the prosecutor has the discretion to charge a defendant in the alternative, that does not mean that there are no consequences subsequent to the exercise of that discretion.

¶ 12 If Defendant had attempted to plead guilty to the offense of aggravated assault, the State could not reasonably argue that the trial court would need the prosecutor's permission to accept the plea. Similarly, there is no reason why the trial court would need permission to accept a guilty plea to the other crime charged in the alternative. The prosecutor explicitly charged that Defendant committed either aggravated assault or reckless endangerment. In so charging, the prosecutor must accept the possibility that Defendant would admit to the crime that carried the lesser penalty.[3]

¶ 13 The nature of the instant information reasonably led the trial court to believe that the prosecutor was not trying to convict Defendant of both the offenses listed—just one or the other. Therefore, the trial court's interlocutory ruling to allow Defendant to plead guilty to one of the offenses charged in the alternative was not "inherently unfair," *State v. Turner*, 980 P.2d 1188, 1190 (Utah Ct.App.1998), or "beyond the limits of reasonability," *State v. Olsen*, 860 P.2d 332, 334 (Utah 1993) (internal quotation marks omitted).

## CONCLUSION

¶ 14 The prosecutor chose to charge Defendant with one count of aggravated assault or, alternatively, one count of reckless endangerment. Defendant chose to plead guilty as charged to reckless endangerment, one of the two alternatively charged offenses. While the trial court is not required to accept Defendant's guilty plea, it is within its discretion to do so given the nature of the information and the proceedings. *Turner* does not require a different result given that the offenses in *Turner* were filed as separate counts, not in the alternative.

¶ 15 We affirm the trial court's ruling.

¶ 16 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge and JUDITH M. BILLINGS, Judge.

---

3. We again note that the instant case does not involve a plea bargain by which the defendant has agreed to plead guilty in return for some form of consideration from the prosecution, such as the dismissal of other charges. In plea bargain situations, the prosecution's acquiescence to the plea would obviously be required. Here, Defendant has sought to plead guilty to the crime with which he was charged.