2010 UT 24

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Jacob B. LOVELESS, Defendant and Respondent.**

No. 20080963.

Supreme Court of Utah.

April 30, 2010.

Mark L. Shurtleff, Att'y Gen., Jeffrey S. Gray, Asst. Att'y Gen., for plaintiff.

Michael D. Esplin, Provo, for defendant.

DURHAM, Chief Justice:

**INTRODUCTION**

¶ 1 This case comes to us on a writ of certiorari to decide whether a district court may accept a guilty plea over the prosecution's objection to one of two alternative

charges pled in a single count.[1] In the district court the prosecution charged the defendant Jacob Loveless, in a single count of either aggravated assault or reckless endangerment. Mr. Loveless opted to plead guilty to reckless endangerment. The State challenged the district court's decision to accept that plea over the prosecution's objection. The court of appeals concluded that, while the applicable statute does not prohibit the prosecution from charging alternative offenses in a single count, charges must be pled in separate counts if the prosecution desires to preserve an alternative charge in the face of a defendant's plea of guilty to the other charge. The court of appeals thus held that the district court properly exercised its discretion in accepting the defendant's guilty plea to reckless endangerment, effectively precluding further prosecution on the greater charge of aggravated assault.

¶2 We affirm the decision of the court of appeals. Alternative charges filed in a single count allow a defendant to plead guilty as charged to either of the alternative charges. This holding does not prevent prosecutors from charging in the alternative, as the state argues, because prosecutors may avoid this result simply by charging alternative offenses in separate counts as provided for by statute.

## BACKGROUND

¶3 In the late evening hours of July 31, 2004, Mr. Loveless arrived at a gathering of his friends at a camp area located in Payson Canyon. After arriving, Mr. Loveless and some others took turns shooting Mr. Loveless' handgun into a wooded area away from the campsite. At some time later in the night, unbeknownst to Mr. Loveless, a member of the group took his sleeping bag into an area with several tree stumps and lay on the ground to go to sleep. Unaware that this person had left the camping area, Mr. Loveless decided to empty his weapon before putting it back in his vehicle, and fired the remaining bullets at what appeared to be a stand of tree stumps. One of the bullets struck the man in the sleeping bag.

¶4 Prosecutors initially charged Mr. Loveless with one count of reckless endangerment, a class A misdemeanor, in violation of Utah Code section 76-5-112 (2008),[2] and one count of carrying a dangerous weapon while under the influence of alcohol or drugs, a class B misdemeanor, in violation of Utah Code section 76-10-528 (2008). Mr. Loveless pled not guilty to both charges. The State subsequently filed an amended information, which charged Mr. Loveless with a new set of offenses. The amended information charged Mr. Loveless with aggravated assault or, in the alternative, reckless endangerment.[3] Critical to this appeal, these two offenses were charged in a single count. In a separate count, the State continued to charge Mr. Loveless with possession of a dangerous weapon while under the influence.[4]

¶5 The matter was set for a jury trial. Four days before trial, Mr. Loveless notified the district court that he intended to plead guilty to the lesser of the two alternative

---

1. The State's brief includes an argument that the district court abused its discretion when it denied the prosecution's motion to amend the information to dismiss the reckless endangerment charge. This issue is beyond the scope of the question on which we granted certiorari, and we decline to review the district court's holding on this issue. See S.B.D. v. State, 2006 UT 54, ¶45, 147 P.3d 401. Additionally, this question is not within the scope of our review on certiorari because it was not addressed by the court of appeals. See Wagner v. Utah Dep't of Human Servs., 2005 UT 54, ¶67, 122 P.3d 599 (Durham, C.J., concurring).

2. The most recent version of the Utah Code is cited throughout this opinion. In the time since Mr. Loveless was charged with the offenses described, there have been no changes to the code sections cited that substantively impact the issue under consideration on appeal.

3. When Mr. Loveless attempted to enter his plea in the district court, the prosecutor acknowledged that the aggravated assault charge had been filed "[b]ecause the defendant wouldn't plead guilty" to the original charge of reckless endangerment.

4. Mr. Loveless subsequently filed a motion to quash the bindover, which was granted with respect to the second charge of the amended information, possession of a dangerous weapon while under the influence. This charge is not at issue on appeal.

offenses, reckless endangerment. The State objected to the plea, arguing that Mr. Loveless could not unilaterally decide to enter a plea of guilty to the lesser alternative charge. The State also moved to dismiss the reckless endangerment charge. In rejecting the State's objection and motion to dismiss, the district court concluded that the State gave Mr. Loveless the option of pleading guilty to one charge or the other when it pled the charges in a single count, and that this outcome was a risk the State took when it made its charging decision. The court therefore denied the motion to dismiss, rejected the State's subsequent motion to reconsider, and entered an order staying further proceedings pending the State's filing a petition for interlocutory appeal.

¶ 6 On interlocutory appeal, the court of appeals affirmed the district court's decision to accept Mr. Loveless' guilty plea, reasoning that:

> [T]he State has failed to provide any legal support for its specific contention that a trial court lacks the authority to accept a guilty plea to one of two alternatively charged offenses over the prosecutor's objection. Although the prosecutor has the discretion to charge a defendant in the alternative, that does not mean that there are no consequences subsequent to the exercise of that discretion.
>
> ... The prosecutor explicitly charged that Defendant committed either aggravated assault or reckless endangerment. In so charging, the prosecutor must accept the possibility that Defendant would admit to the crime that carried the lesser penalty.
>
> The nature of the instant information reasonably led the trial court to believe that the prosecutor was not trying to convict Defendant of both the offenses listed—just one or the other.

*State v. Loveless*, 2008 UT App 336, ¶¶ 11–13, 194 P.3d 202 (footnote omitted).

## STANDARD OF REVIEW

¶ 7 " 'On certiorari, we review the decision of the court of appeals and not that of the district court.' " *State v. Anderson*, 2009 UT 13, ¶ 6, 203 P.3d 990 (quoting *State v. Brake*, 2004 UT 95, ¶ 11, 103 P.3d 699). We review the court of appeals' decision for correctness, and we cede that court no deference. *Peterson v. Kennard*, 2008 UT 90, ¶ 8, 201 P.3d 956 (citing *State v. Ferguson*, 2007 UT 1, ¶ 11, 169 P.3d 423). "The correctness of the court of appeals' decision turns on whether that court accurately reviewed the trial court's decision under the appropriate standard of review." *State v. Visser*, 2000 UT 88, ¶ 9, 22 P.3d 1242 (citing *Newspaper Agency Corp. v. Audit Div.*, 938 P.2d 266, 267 (Utah 1997)).

¶ 8 The court of appeals "review[s] a trial court's acceptance or rejection of a guilty plea under an abuse of discretion standard." *State v. Turner*, 980 P.2d 1188, 1189–90 (Utah Ct.App.1998). "A failure to exercise discretion is generally encompassed within the meaning of abuse of discretion." *State v. Montiel*, 2005 UT 48, ¶ 9, 122 P.3d 571 (citing *United States v. Miller*, 722 F.2d 562, 565 (9th Cir.1983)).

## ANALYSIS

¶ 9 The effect of the State's decision to charge alternative charges in a single count is an issue of first impression for this court. Mr. Loveless argues that the joinder provisions of the Utah Code control the outcome when a prosecutor opts to charge a defendant in this manner. That section provides that "[t]wo or more felonies, misdemeanors, or both, may be charged in the same indictment or information if each offense is *a separate count*" so long as the charged offenses are "based on the same conduct" or "alleged to have been part of a common scheme or plan." Utah Code Ann. § 77–8a–1(1) (2008) (emphasis added). This section plainly allows prosecutors to charge multiple connected offenses in a single information if each offense is pled in separate counts, but there is no limiting language in the statute that prohibits a prosecutor from charging in the alternative in a single count. Section 77–8a–1(1) only instructs prosecutors to charge multiple offenses in "separate count[s]." *Id.* Multiple offenses are not the same as alternative charges. In terms of charging in the alternative, all that may be

plainly read from section 77–8a–1(1) is a legislative preference for charging in separate counts. This preference cannot be viewed as dispositive of the issue here because section 77–8a–1(1) does not specifically deal with a prosecutor's decision to charge alternative offenses in a single count. The parties have alerted us to no other statute that would constitute an express authorization of or prohibition on the State's decision to prosecute a defendant in the manner undertaken by the prosecution in this case.

¶ 10 The State recognizes that Utah's statutory scheme does not reach the issue presented here and argues that this court's prior case law fills the gap. Our case law does allow the prosecution to charge in the alternative. *See State v. Butler,* 560 P.2d 1136, 1138 (Utah 1977). But the cases cited by the State are not applicable here because the defendants in those cases were all charged in separate counts rather than in the alternative in a single count, or were charged under multiple theories of the same offense. *State v. Turner,* 980 P.2d 1188, 1189 (Utah Ct.App. 1998) (defendant charged in two separate counts with negligent homicide and driving left of center); *State v. Montoya,* 910 P.2d 441, 442–43 (Utah Ct.App.1996) (defendant charged in two separate counts with aggravated sexual assault and incest); *Butler,* 560 P.2d at 1138 (information alleged as alternatives all three subsections of the manslaughter statute).

¶ 11 The State argues that upholding the court of appeals' decision would effectively take away any prosecutorial incentive to charge in the alternative because defendants could always eliminate greater offenses charged in the alternative by pleading guilty to lesser charges. This argument ignores the effect of the distinction between alternative charges filed in separate counts and alternative charges filed in the same count, a distinction supported by the joinder statute and our holding today. Under the court of appeals' reasoning, which we endorse, prosecutors who opt to charge alternative offenses in a single count are at risk that the defendant will plead guilty as charged to one of the offenses and thereby eliminate the alternative offense contained in the same count.

But a prosecutor may avoid this result simply by filing alternative charges in separate counts. In the separate-count scenario, defendants who opt to plead guilty to one count have pled guilty as charged to that count only, and alternative charges contained in a separate count are unaffected. Under section 76–1–402(1) of the Utah Code, the prosecution need not worry about merger issues unless a plea has led to "conviction and sentence." Procedurally, therefore, when a defendant pleads guilty to one of the alternative offenses charged in separate counts, the district court may accept the guilty plea and hold it in abeyance while the alternative offense is adjudicated. This allows the state to continue with the prosecution of a greater offense in compliance with section 76–1–402. If a conviction is obtained on the greater offense, the statute will operate to prevent the defendant from being twice punished for the same conduct.

## CONCLUSION

¶ 12 While prosecutors are authorized to charge in the alternative, charging in the alternative *in a single count* creates the risk that a defendant may plead guilty as charged to the lesser of the offenses. If the state desires a judicial determination as to every charge in an information, including charges pled in the alternative, the prosecutor must charge each offense in separate counts. This is consistent with statutory language as well as Utah case law. Thus, the court of appeals correctly decided that the district court did not abuse its discretion when it elected to accept Mr. Loveless' guilty plea to the lesser charge of reckless endangerment over the objection of the prosecutor. Accordingly, the judgment of the court of appeals is affirmed.

¶ 13 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM's opinion.