FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50642 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02442-LAB |
| v. | |
| MIGUEL NAVARRO-VALLE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Miguel Navarro-Valle appeals from the district court's judgment and

challenges the 12-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Navarro-Valle contends that the district court procedurally erred by granting only a one-level fast-track departure under U.S.S.G. § 5K3.1, rather than the four-level departure requested by the government. "In analyzing challenges to a court's upward and downward departures to a specific offense characteristic or other adjustment under Section 5K, we do not evaluate them for procedural correctness, but rather, as part of a sentence's substantive reasonableness." *United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). Contrary to Navarro-Valle's contention, his within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence. *See Gall v. United States*, 522 U.S. 38, 51 (2007).

Navarro-Valle also argues that the district court violated the separation of powers doctrine by considering an internal Department of Justice memorandum in evaluating the fast-track departure. Even if Navarro-Valle is correct that this claim is reviewable, we are not persuaded. Navarro-Valle has not demonstrated that the court's consideration of the memorandum for "informational" purposes infringed on any prosecutorial power. *See United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983) ("[S]eparation of powers requires that the judiciary remain independent of executive affairs.").

**AFFIRMED.**

13-50642