**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10047 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:15-cr-01402-GMS-1 |
| RAFAEL VILLALOBOS-RIOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted December 13, 2016[**]
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and FOOTE,[***] District Judge.

Defendant Rafael Villalobos-Rios appeals his conviction and sentence after

a plea of guilty to illegal reentry, in violation of 8 U.S.C. § 1326. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

1. The district court did not abuse its discretion by rejecting the plea agreement. See Morgan v. U.S. Dist. Court (In re Morgan), 506 F.3d 705, 708 (9th Cir. 2007) (holding that we review for abuse of discretion a court's rejection of a plea agreement). The district court considered the individual circumstances of this case, including the age of an earlier drug conviction, and permissibly rejected the plea agreement "because of [the court's] obligation under [18 U.S.C. §] 3553(a) to both deter and to have the punishment reflect the seriousness of the offense." See id. at 711 ("[A] district court acts within its discretion when it rejects a sentence bargain after an individualized analysis of the specific circumstances presented."). The district court stated a general preference for imposing a sentence greater than previous sentences for the same crime, but the court did not impose a categorical rule. See id. at 712 (holding that the district court erred because its "categorical rejection" of the plea agreement was "unreasonable as a matter of law, not necessarily as a matter of fact"); United States v. Miller, 722 F.2d 562, 564–65 (9th Cir. 1983) (holding that "categorical rules" for rejecting plea agreements are impermissible). Indeed, the court imposed a sentence, 21 months' imprisonment, less than or equal to Defendant's previous terms of imprisonment for committing the same crime.

2.  The district court did not commit "significant procedural error," and the within-Guidelines sentence was substantively reasonable.  <u>United States v. Carty</u>, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

**AFFIRMED.**