STATE of Utah, Plaintiff and
Respondent,

v.

J.D. COLLIER, Defendant
and Appellant.

No. 20653.

Supreme Court of Utah.

April 14, 1987.

**232**

Deirdre A. Gorman, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., David B. Thompson, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant J.D. Collier appeals from his convictions of two counts of attempted first degree murder, a first degree felony under sections 76–5–202(1) and 76–4–101 of the Utah Criminal Code. His attempt to avoid arrest resulted in a shootout with law enforcement officers. At the time of his capture, defendant was an escapee from the Utah State Prison and was named in two outstanding felony arrest warrants.

On appeal, defendant contends that (1) he was prejudiced by a violation of the judge's exclusion order at trial; (2) he was denied access to exculpatory evidence; (3) trial testimony regarding information received by police from a confidential informant violated defendant's sixth amendment right of confrontation; (4) evidence admitted concerning his prior convictions violated Utah Rule of Evidence 55;[1] and (5) the evidence of his intent was insufficient to sustain a conviction of attempted first degree murder. These contentions are without merit, and we affirm his convictions.

On May 7, 1981, police officers received a tip from a confidential source that defendant, a prison escapee, would be found arm-

---

1. Because our former Rules of Evidence were in effect at the time of defendant's trial, we rely upon those rules in our consideration of the issues raised here. The corresponding rules in our current Utah Rules of Evidence, effective September 1, 1983, are substantially similar.

ed in a certain mobile home and that he had stated he would not be taken alive. Police therefore set up an armed stakeout of the mobile home. When defendant and two other men stepped out of the mobile home, a plain clothes officer identified himself as an officer and commanded them to stop. The two other men surrendered, but defendant ran.

Officers chased defendant across an open field. He took cover in an unoccupied telephone repair van parked at the side of the street. He exchanged gunshots with the officers, who then fired tear gas into the van but failed to force defendant out. Defendant attempted to flee in the van with three of its tires shot out. In the ensuing chase, defendant shot and wounded an officer in a pursuing police car. Defendant was finally subdued and arrested after he was unable to drive through a police roadblock.

At trial, defendant admitted that he shot at police in his attempt to escape apprehension, but claimed that he had acted under the influence of drugs and had, for that reason, been unable to recognize them as law enforcement officers. He professed only to have defended himself from assault by unknown pursuers, never intending to kill anyone.

██ Defendant first complains that police witnesses violated the trial court's exclusion order by discussing their testimony in the hallway outside the courtroom. The testimony of one officer revealed that he had been privy to the testimony of another officer as to statements made by defendant during the gun battle. The court sustained defendant's objection, but counsel's request that the witness be excused was not addressed by the trial judge. Later, when the same line of questioning was again pursued by the prosecution, no objection was raised, and the evidence was received unchallenged. The witness was then subjected to intense cross-examination by the defense as to his entire testimony. On

appeal, defendant presumes prejudice from the mere violation of the order. However, we do not find any prejudice and conclude that the testimony of the officer was only cumulative of the evidence and testimony given by several other officers who were also involved in the pursuit and arrest. *State v. Carlson,* 635 P.2d 72 (Utah 1981).

██ Defendant's second contention is that the prosecutor denied him access to exculpatory evidence. Without pointing to any support from the record, defendant claims that his counsel was not given the written results of defendant's blood and urine tests administered after his capture. The record reveals that an officer testified that he believed he had a copy of the test report in his folder and agreed to provide it to defense counsel. However, the witness later advised court and counsel that there was no written report.[2] The hospital had verbally communicated to him that the blood and urine tests showed no alcohol or drug content. Consequently, the prosecution did not violate Rule 16(a)(4) of the Utah Rules of Criminal Procedure. Furthermore, since defendant's main defense depended upon a showing of drug influence and the results were negative, the evidence was in no way exculpatory. Defendant also fails to explain how he was wrongfully denied access to any other evidence after a proper request. *State v. Booker,* 709 P.2d 342, 346 (Utah 1985).

Defendant next contends that the trial court erred in allowing an officer to testify as to his conversation with a confidential informant. He says the conversation was hearsay and its admission violated his rights to be confronted with the witnesses against him as guaranteed by the sixth amendment of the United States Constitution and article I, section 10 of the Constitution of Utah. An officer testified that a confidential informant told him that defendant was staying in the mobile home and that he was armed and "would not be taken alive."

---

2. Inasmuch as the witness advised court and counsel that contrary to his belief he did not have a written report, he fulfilled his duty to disclose the information of which he had knowl-

edge and did not mislead and prejudice the defense as did the prosecutor in *State v. Knight,* 734 P.2d 913, 53 Utah Adv.Rep. 13 (1987).

■ First, the testimony was not hearsay because it was not admitted to prove the truth of the information, but rather to explain the conduct of the police in setting up an armed stakeout of the home where defendant was found. Former Utah R.Evid. 63.[3] The trial court so cautioned the jury. Former Utah R.Evid. 6.

■ Second, defendant professed to know the identity of the informants and, by subpoena, attempted to secure their presence at trial. He therefore could not have been prejudiced by the refusal of the police to disclose their identity. The right to be confronted with the witnesses against him does not automatically give a defendant the right to have disclosed to him by the prosecution the identity of a confidential informer. *McCray v. Illinois*, 386 U.S. 300, 308–9, 311–13, 87 S.Ct. 1056, 1062–63, 18 L.Ed.2d 62 (1967).

■ Third, we address defendant's claim of prejudice that the admission of the statement he would not be taken alive "strikes at the very heart of defendant's claim that he was acting in self-defense when he fired the shots at individuals he did not know to be police officers." The record shows that several of the police officers were in uniform and that defendant called them "pigs"[4] during the pursuit. We therefore find no prejudice in admitting evidence that at some remote time defendant had said he would not be taken alive.

■ Next, citing former Utah Rule of Evidence 55, defendant contends that the trial court erred in allowing testimony that defendant was an escaped convict and was wanted on two felony warrants. We have firmly held that this rule precludes admission of evidence of prior bad acts to prove the *disposition* of an accused to commit the crime charged. The evidence can be admitted to prove commission of the crime when the evidence is otherwise relevant to an element of the crime. *State v. Daniels*, 584 P.2d 880 (Utah 1978). In this case, we agree with the State that the evidence was relevant to show that defendant was not mistaken as to the identity of the police officers. Defendant's status as a wanted fugitive was clearly indicative of his motive to avoid capture. U.C.A., 1953, § 76–5–202(1)(e) (Supp.1986).

■ Finally, defendant attempts to discount the substantial evidence supporting his convictions and claims that there is insufficient evidence that he intended to harm the police officers. We view the evidence against defendant, including all reasonable inferences therefrom, in the light most favorable to his convictions. *State v. Stewart*, 729 P.2d 610 (Utah 1986); *State v. Booker*, 709 P.2d 342 (Utah 1985).

■ The intent required to commit attempted first degree murder is the same intent as that required to commit the murder itself and may be inferred from defendant's conduct and the surrounding circumstances. *State v. Shaffer*, 725 P.2d 1301 (Utah 1986); *State v. Maestas*, 652 P.2d 903 (Utah 1982). The jury was not obliged to accept defendant's protestations of innocence and self-defense. We do not substitute our judgment for the jury's verdict when it is supported by substantial evidence. The evidence was sufficient for the jury to reasonably infer that by firing at several officers, wounding one, and trying to run the roadblock, defendant had the culpable intent to kill in order to prevent his arrest. *State v. Maestas, supra.*

Defendant's convictions are affirmed.

---

3. *See also* Utah R.Evid. 801(c).

4. In current slang, this term refers to police officers.