IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | OPINION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20080640-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (October 18, 2012) |
| Maximino Arriaga, | ) | |
| | ) | 2012 UT App 295 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 071401182
The Honorable Claudia Laycock

Attorneys:     Elizabeth Hunt, Salt Lake City, for Appellant
               Mark L. Shurtleff and Jeffrey S. Gray, Salt Lake City, for Appellee

-----

Before Judges Orme, Roth, and Christiansen.

ORME, Judge:

¶1     Defendant Maximino Arriaga appeals his conviction on three counts of aggravated sexual abuse of a child, claiming ineffective assistance of counsel. We affirm.

BACKGROUND

¶2     Defendant began sexually abusing the victim when she was nine or ten years old. Defendant was married to the victim's aunt, and the three lived in the aunt's

grandparents' home. The abuse took place regularly until the victim, at age 17, was removed from the home for other reasons by the Division of Child and Family Services. During the years that they lived in the same household, Defendant introduced the victim to, and provided her with, methamphetamine.

¶3     When the victim was 18, she had her own apartment but spent most of her time in Defendant's home. She subsequently gave up her apartment and moved in permanently with Defendant and her aunt. Eventually the victim discovered that she was pregnant with Defendant's child. When their child was 15 months old, police raided the home and found materials used in the production of methamphetamine. Despite denying that she used drugs, the victim was arrested after failing a drug test. She was placed in a drug program while in jail. During a therapy session, she disclosed for the first time the long history of sexual abuse by Defendant. She explained that she had not come forward with this information earlier because she was afraid of Defendant and because she feared that she would be placed into an even worse situation if she were sent to a foster home.

¶4     When Defendant was interviewed by the police, he admitted that he was the father of the victim's child but maintained that their sexual relationship was consensual and only began after the victim turned 18. He repeatedly denied ever sexually abusing the victim.

¶5     Defendant was charged with three counts of aggravated sexual abuse of a child, three counts of forcible sodomy, and three counts of rape. The case proceeded to trial. During jury selection, two prospective jurors indicated on their questionnaires that they believed police officers were more likely to tell the truth than were defendants. Although other prospective jurors who so indicated were questioned in chambers, defense counsel did not choose to have either of these two jurors questioned regarding their answers to this question, and the two were ultimately seated on the jury.

¶6     Defense counsel had intended to introduce evidence at trial regarding the victim's sexual molestation by other family members, which the victim reported when she was still a minor. When the State mentioned prior to opening statements that this evidence potentially violated rule 412 of the Utah Rules of Evidence, defense counsel explained that he intended to introduce this evidence only to show that the victim was capable of reporting abuse by family members and that he believed rule 412 was inapplicable in that situation. The court ruled that this evidence was inadmissible for

counsel's failure to comply with rule 412's requirement that a party seeking admission of such evidence file a motion prior to trial. The court also addressed the merits of the question and found both that the evidence did not meet any exception under rule 412 and that, in any event, the evidence should have been kept out as being more prejudicial than probative under rule 403.

¶7   At the conclusion of trial, the jury convicted Defendant on three counts of aggravated sexual abuse of a child. He was acquitted of the rape and sodomy counts that pertained to the time after the victim reached 18.

ISSUE AND STANDARD OF REVIEW

¶8   Defendant, through new counsel, appeals his convictions on the basis of ineffective assistance of counsel. Defendant claims three specific instances of ineffective assistance by his trial counsel. First, Defendant contends that counsel was ineffective for failing to question the two jury members who stated during voir dire that they were more likely to believe the testimony of a police officer than that of a criminal defendant. We previously remanded this case pursuant to rule 23B of the Utah Rules of Appellate Procedure, permitting an evidentiary hearing and the entry of findings regarding defense counsel's performance in this regard. The 23B court found that although counsel was objectively deficient for failing to request further questioning of the two jurors, there was no prejudice because the evidence showed that the jurors were able to set aside their stated biases.

¶9   Second, Defendant contends that defense counsel was ineffective for failing to file a motion seeking a ruling under rule 412 of the Utah Rules of Evidence. This failure, he argues, precluded defense counsel from following through on his intention to seek the admission of evidence about the victim's earlier reports of sexual abuse by other family members.

¶10   Finally, Defendant claims that defense counsel was ineffective for failing to do more to impeach the victim's credibility. Specifically, he claims that counsel should have attacked the inconsistency of several statements that the victim made during the investigation, including that she denied her own drug use to police officers. Defendant argues that counsel should have highlighted that the victim did not report the abuse

until she was being prosecuted in her own felony drug case and that she had pleas in abeyance pending with the same judge who was overseeing Defendant's case.

¶11    "In ruling on an ineffective assistance claim following a [r]ule 23B hearing, we defer to the trial court's findings of fact, but review its legal conclusions for correctness." *State v. Hernandez*, 2005 UT App 546, ¶ 13, 128 P.3d 556 (alteration in original) (citations and internal quotation marks omitted). As to other ineffective assistance of counsel claims that have not gone through a 23B hearing, we review factual findings for clear error and legal conclusions for correctness. *See State v. Lenkart*, 2011 UT 27, ¶ 20, 262 P.3d 1.


ANALYSIS


¶12    In establishing ineffective assistance of counsel, Defendant has the burden of showing that (1) "counsel's performance was deficient" in that it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). We begin our analysis with a strong presumption that counsel was competent and effective. *See State v. Crosby*, 927 P.2d 638, 644 (Utah 1996). Given this presumption, trial counsel has "wide latitude in making tactical decisions" and we "will not question such decisions unless there is no reasonable basis supporting them." *Id.* Once deficient performance is established, Defendant still has the burden to demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* 466 U.S. at 694. Because both prongs of the *Strickland* test must be met to prove ineffective assistance of counsel, we need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

I.  Defendant Was Not Prejudiced by Counsel's Failure
to Further Question the Two Jurors During Voir Dire.

¶13    Defendant has the burden to show that the deficient performance "affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92. "When the ineffective assistance of counsel results in the seating of a juror who is actually biased against the defendant, . . . the prejudice required by *Strickland* will be presumed." *State v. King*, 2008 UT 54, ¶ 18, 190 P.3d 1283. Thus, to establish prejudice, Defendant "must

show that his counsel's actions . . . allowed the seating of an actually biased juror." *Id.* ¶ 47.

¶14    First, we agree with Defendant's contention, and the 23B court's finding, that defense counsel erred in failing to pursue follow-up questioning of the two jurors who indicated on their questionnaires that they believed a police officer was more likely to tell the truth than a criminal defendant. However, based on the court's findings, we hold that Defendant has failed to show that the jurors were *actually* biased, i.e., that Defendant was prejudiced by his counsel's failure to challenge the jurors prior to trial.

¶15    In *State v. Olsen*, 860 P.2d 332 (Utah 1993), the Utah Supreme Court considered an ineffective assistance of counsel claim in a case in which defense counsel failed to challenge a juror who had stated that he was more inclined to believe a police officer than other witnesses. *See id.* at 335. The juror, when questioned, explained that he believed he could set those feelings aside and be impartial. *See id.* at 334. The Court noted that "we cannot say that [the juror] exhibited such actual bias as to prevent him from acting impartially" because, despite the juror's initial statements, "subsequent questioning by the court showed that [he] could be an impartial juror." *Id.* at 334–35. Without more evidence of actual bias, the Court held that the defendant had failed to prove that he was prejudiced, and thus that he could not show ineffective assistance of counsel. *See id.* at 335.

¶16    As in *Olsen*, the two challenged jurors in this case who indicated that they believed a police officer was more likely to testify truthfully than a criminal defendant were questioned.[1] Both jurors were asked to clarify, in detail, their statements, and both indicated that they believed they had the ability to set aside their stated bias and use their best judgment in weighing the credibility of the witnesses. There is little reason to doubt their claim, given that Defendant was acquitted of six charges while he was convicted of only three. Most importantly, this was not a trial in which the outcome hinged on the testimony of police officers. While a police officer did testify, his testimony was largely limited to repeating Defendant's statements from a prior, recorded interview. It appears that the officer's credibility was not really at issue. There was no claim, for example, that he misrepresented the contents of the recordings

---

[1]The *Olsen* juror was questioned during voir dire. The two jurors in this case were questioned during the 23B hearing.

or tampered with them. Thus, it is difficult to see any possibility of prejudice to Defendant in this case, even without the subsequent reassurance by the jurors that they believed they could—and did—impartially evaluate the police testimony in this case.

### II. Defendant Was Not Prejudiced by Defense Counsel's Failure to File a Motion for Admission of Evidence Under Rule 412 of the Utah Rules of Evidence.

¶17 Defendant contends that defense counsel should have filed a motion prior to trial, pursuant to rule 412 of the Utah Rules of Evidence, seeking the admission of evidence that the victim reported sexual abuse by other family members several years prior to her reporting the abuse by Defendant. Rule 412 declares that evidence "prov[ing] that a victim engaged in other sexual behavior . . . or . . . evidence offered to prove a victim's sexual predisposition" is inadmissible in criminal proceedings. Utah R. Evid. 412(a)(1)–(2). The rule provides for exceptions to this prohibition. Such evidence is admissible if "offered to prove that someone other than the defendant was the source" of the abuse, "if offered by the defendant to prove consent," or if "exclusion would violate the defendant's constitutional rights." *Id.* R. 412(b)(1)–(3). To admit evidence through one of these exceptions, however, the rule requires that the party intending to offer the evidence file a motion before trial. *See id.* R. 412(c)(1).

¶18 Defense counsel sought the admission of evidence regarding the victim's earlier reports of sexual abuse by other family members to counter the victim's contention that she had been in some way discouraged from reporting her abuse by Defendant earlier than she did. Defense counsel indicated that he did not file a rule 412 motion in furtherance of this strategy because he did not believe that rule 412 was applicable. The court disagreed about the applicability of the rule and deemed the evidence inadmissible for lack of the required motion. The court took one further step, however, and addressed the merits concerning the evidence, concluding that admission of the evidence would be barred by rule 412 even if defense counsel had filed a timely motion. Because the court addressed the issue, despite counsel's failure to file the motion, and indicated that it would not have allowed the evidence even with a proper pretrial motion, we cannot see how Defendant was prejudiced by counsel's failure to file the

motion.[2] *See Parsons v. Barnes*, 871 P.2d 516, 525 (Utah 1994) (noting that the failure to file a futile motion does not constitute ineffective assistance of counsel).

### III. Defense Counsel Was Not Ineffective for Declining to Attack the Victim's Credibility through Additional Evidence.

¶19    Defendant contends that defense counsel was ineffective for failing to cross-examine the victim about inconsistent statements she allegedly made, for failing to introduce additional evidence about the victim not reporting the abuse until after her arrest, for failing to seek the admission of the victim's plea in abeyance from her drug abuse case, and for failing to elicit evidence of the victim's statements to police when she was arrested. Defendant asserts that each of these pieces of evidence could have diminished the victim's credibility by showing a potential motive for her to lie about Defendant abusing her in order to shift attention away from the drug charges against her. We disagree.

¶20    "There are countless ways to provide effective assistance in any given case." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). For that reason, we "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation and internal quotation marks omitted). We will not engage in speculation regarding possible alternative actions counsel could have taken and will hold that a defendant has overcome this heavy burden only when he or she shows that counsel's actions "were outside the wide range" of approaches that may be taken by "professionally competent" counsel. *Id.* at 690. In other words, we "will not question [counsel's] decisions unless there is no reasonable basis supporting them." *State v. Crosby*, 927 P.2d 638, 644 (Utah 1996).

---

[2]Whether the trial court's conclusion regarding the merits of rule 412 was correct is not before us. Defendant has only appealed on the basis of ineffective assistance of counsel. Defendant concedes in his brief that any claim of error in the trial court's handling of the rule 412 issues was not preserved, and he has not demonstrated plain error or exceptional circumstances as a basis for direct consideration of the trial court's rule 412 rulings. *See State v. Nelson-Waggoner*, 2004 UT 29, ¶ 16, 94 P.3d 186. Thus, we need only determine whether counsel's failure to file the motion had any bearing on the outcome of Defendant's case.

¶21     First, regarding Defendant's contention that counsel acted in an objectively deficient manner by not cross-examining the victim about allegedly inconsistent statements she made, we disagree with Defendant that there could have been no sound trial strategy for this decision.  The victim's accounts of her abuse by Defendant contained very graphic and disturbing details.  It would be perfectly reasonable for defense counsel in this case to want to avoid rehashing the dirty details of the victim's testimony in order to point out a few minor inconsistencies here and there.  Defendant, thus, has not "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted).

¶22     As for Defendant's contention that counsel should have elicited more evidence to establish the fact that the victim did not report the abuse until after she was arrested on her own criminal charges, we do not agree that there was no reasonable basis for counsel's actions.  Defendant suggests that this evidence would have helped establish more convincingly that the victim merely claimed that there was abuse to get herself out of trouble.  We note, however, that counsel had and took the opportunity to make this argument at trial, and although there may have been a few additional pieces of evidence that might have bolstered this argument to some small degree, we are unpersuaded that there was no reasonable basis for counsel's decision to forego additional focus on this theory.

¶23     Regarding Defendant's contention that defense counsel should have sought the admission of evidence regarding the victim's plea in abeyance, we disagree that there was no reasonable basis for defense counsel to proceed in this manner.  And it is not clear to us why, exactly, counsel should have sought admission of the plea in abeyance, considering her plea on the drug charges was in no obvious way related to the victim's testimony against Defendant on the sexual abuse charges.  Furthermore, such a strategy would also have permitted the jury to again hear that Defendant was involved in the manufacture of methamphetamine.  Competent counsel may well have concluded that minimizing references to Defendant's involvement with the use and manufacture of drugs was preferable to inviting the jury to speculate that the victim testified falsely as an unspoken condition of her already-entered plea in abeyance.

¶24     Finally, we are not persuaded by Defendant's argument that counsel was objectively deficient in choosing not to elicit evidence regarding the victim's statements to police officers that she was unaware that methamphetamine was being manufactured

and sold in the house she shared with Defendant. Again, defense counsel may reasonably have concluded that it was best not to raise this ambiguous evidence, lest there be yet further attention paid to Defendant's illegal drug activities in his sexual abuse case.

CONCLUSION

¶25 While counsel erred in failing to further question the two jurors who indicated during voir dire that they believed a police officer was more likely to tell the truth than a criminal defendant, Defendant has failed to establish that this error prejudiced him. Further, Defendant has failed to establish that there was any prejudice from defense counsel's failure to file a rule 412 motion before trial in an effort to permit the introduction of evidence regarding the victim's prior reports of sexual abuse. Finally, Defendant has failed to overcome his heavy burden of showing that defense counsel acted in an objectively deficient manner by choosing not to elicit certain evidence regarding the victim's actions and statements. In this case in which Defendant was acquitted on three rape and three forcible sodomy charges, he has failed to establish ineffective assistance of counsel in connection with his conviction on the remaining three charges.

¶26 Affirmed.

_____
Gregory K. Orme, Judge

-----

¶27 I CONCUR:

_____
Stephen L. Roth, Judge

-----

¶28     I CONCUR, EXCEPT THAT AS TO SECTION II, I CONCUR ONLY IN THE RESULT:


_____

Michele M. Christiansen, Judge